**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **IRENE ARMENDARIZ PEREZ,** § | | |
| **(BOP No. 10236-509),** § | | |
|        Petitioner, § | | |
| v. § | | Civil Action No. 4:23-cv-1168-O |
| § | | |
| **MICHAEL SMITH, Warden,** § | | |
| **FMC-Carswell,** § | | |
|        Respondent. § | | |

**ORDER OF DISMISSAL**

Petitioner Irene Armendariz-Perez filed in this case a "Petition for Writ of Habeas Corpus under 28 U.S.C.§ 2241." Pet. ECF No. 1. At the time, Armendariz-Perez was housed in the Bureau of Prisons (BOP) FMC-Carswell facility in Fort Worth, Texas. Pet 1, ECF No. 1. The Respondent has now filed a document entitled "Notice of Mootness Due to Petitioner's Release from Custody." ECF No. 8. Petition is no longer imprisoned.[1] After review of the pleadings and applicable law the Court finds and concludes that the petition for relief under § 2241 must be **DISMISSED** as moot.

**I.    BACKGROUND/RELIEF SOUGHT**

Petitioner acknowledges she was convicted and was serving a federal sentence imposed in *United States v. Armendariz-Perez*, No. EP-20-cr-2212-FM (1) (W.D. Tex. June 16, 2021). Pet. 3, ECF No. 1. In her § 2241 petition, she challenges the execution of her sentence. She asserts that the BOP failed to give her credit towards the completion of her sentence under the First Step Act. Pet. 5-7, ECF No. 1. She seeks to be released. *Id.* at 7. As noted, Petitioner has been released from BOP custody on February 1, 2024. Notice of Mootness (Exhibit A), ECF No. 8.

---

[1]The BOP website shows that Irene Armendariz-Pereez was released on February 1, 2024. See www.bop.gov last visited May 10, 2024.

1

## II.     MOOTNESS

As a result, Respondent now requests that the Court should dismiss this action under Federal Rule of Civil Procedure 12(b)(1). *Id.* at 1-2. Respondent argues that dismissal is appropriate because after Petitioner Armendariz-Perez filed the underlying § 2241 petition, she was released from BOP custody. *Id.*

Under Article III of the Constitution, federal courts may adjudicate only "actual, ongoing cases or controversies." *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988); *Alwan v. Ashcroft*, 388 F.3d 507, 511 (5th Cir. 2004). "An actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) (citations omitted). "If a dispute has been resolved or if it has evanesced because of changed circumstances, including the passage of time, it is considered moot." *AMA v. Bowen*, 857 F.2d 267, 270 (5th Cir. 1988) (quoting *Matter of S.L.E., Inc.*, 674 F.2d 359, 364 (5th Cir. 1982)). Where the question of mootness arises, the Court must resolve it before it can assume jurisdiction. *North Carolina v. Rice*, 404 U.S. 244, 246 (1971).

An action is rendered moot "when the court cannot grant the relief requested by the moving party." *Salgado v. Federal Bureau of Prisons*, 220 F. App'x 256, 2007 WL 627580, at *1 (5th Cir. Feb. 22, 2007) (citing *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987) (holding appeal from denial of § 2241 petition seeking release from confinement was moot afer Petitioner's release)). If a controversy is moot, the court lacks subject matter jurisdiction. *Carr v. Saucier*, 582 F.2d 14, 15-16 (5th Cir. 1978).

As Petitioner Armendariz-Perez is no longer in custody and has received the relief she sought, release from custody, this § 2241 petition is moot. *See Ibrahim v. INS*, No. 3:02-cv-0770-M, 2003 WL 292172, *1 (N.D. Tex. Feb. 7, 2003) (release moots habeas petition challenging

2

legality of extended detention) (citing *Riley v. INS*, 310 F.3d 1253, 1257 (10th Cir. 2002)).[2]

For all of these reasons, it is **ORDERED** that Petitioner Irene Armendariz-Perez's petition for relief under 28 U.S.C. § 2241 is **DISMISSED** as moot.

**SO ORDERED** this **13th day** of **May, 2024**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

---

[2] Armendariz-Perez did not seek any additional relief in this § 2241 proceeding other than release from confinement. Pet. 5-7, ECF No. 1. Thus, the Court need not engage whether any possibility of a potential modification of the terms of supervised release could prevent this case from being moot. *See Herndon v. Upton*, 985 F. 3d 443, 446-449 (5th Cir. 2021) (citing *Johnson v. Pettiford*, 442 F.3d 917 (5th Cir. 2006)).